IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WILLIAM H. GALVIN, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER FARREN, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 21-cv-1421-LKG<br><br>Dated:  September 7, 2022 |

## MEMORANDUM OPINION AND ORDER

**I.       INTRODUCTION**

Pending are *pro se* plaintiff William H. Galvin, Jr.'s claims against Officers Farren and Merritt alleging that he was subjected to unconstitutional conditions while housed at Cecil County Detention Center. Am. Compl., ECF No. 3. On February 16, 2022, defendants moved to dismiss the complaint or, alternatively, for summary judgment to be granted in their favor. ECF No. 14. Plaintiff was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that his failure to file a response in opposition to the motion could result in dismissal of the complaint. ECF No. 15. To date, plaintiff has not filed a response. For the reasons discussed below, defendants' motion is **GRANTED**.

**II.      BACKGROUND**

In plaintiff's amended complaint, he alleges that on May 13, 2021, he was housed in the Lower Green Unit at Cecil County Detention Center in a cell without a bathroom. Am Compl. at 5. Between 9 and 10 a.m., Officer Farren took over 40 minutes to provide plaintiff with access to a bathroom. *Id.* at 3. Plaintiff states that he relieved himself in a cardboard box while waiting for Officer Farren. *Id.* Plaintiff alleges that he was subsequently assaulted by four unknown inmates for using the bathroom in the shower area. *Id.* Plaintiff alleges that he was left without access to a bathroom again on May 23, 2021, while housed on the Upper Green Unit; it took

Officer Merritt 50 minutes to respond to plaintiff's request to use the bathroom.  *Id.*  Plaintiff urinated on himself before Officer Merritt responded.  *Id.*

Cecil County Detention Center requires inmates to follow a three-step Inmate Grievance Policy to submit complaints regarding conditions at the Detention Center.  ECF No. 14-3 at 5.  Grievances can be submitted, verbally or in writing, to a counselor, who shall attempt to resolve the inmate's issue.  *Id.*  If the problem cannot be resolved, an inmate, through a counselor, can submit a formal written grievance to the Grievance Committee.  *Id.*  The Committee must answer, in writing, the grievance within seven workdays of receipt, unless otherwise authorized by the Director.  *Id.*  Inmates may appeal the Committee's decision to the Director within five workdays of receiving the decision.  *Id.*  The Director's decision is final.  *Id.*  Plaintiff received a copy of the Inmate Manual outlining these procedures.  *See* ECF No. 14-5 at 4.

Plaintiff filed a grievance on May 16, 2021, stating his complaints regarding Officer Farren's action on May 13, 2021.  ECF No. 14-4 at 2.  A counselor provided plaintiff with a civil rights complaint packet as requested by plaintiff.  *Id.* at 3.  Lieutenant William Jolly attests that plaintiff's May 16 grievance only concerned the events of May 13, 2021, and that he filed no other grievances.  ECF No. 14-6 at ¶ 6.  Plaintiff's grievance was marked as "Resolved at Counselor Level," meaning that plaintiff did not appeal the counselor's action to the Grievance Committee.  *Id.* at ¶¶ 5, 7.

### III. LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  ECF No. 18.  Motions styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil

Procedure.  *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).  Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment.  *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998).  When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.  And so, because defendants' motion is titled as a motion to dismiss, or in the alternative, for summary judgment, plaintiff was on notice that the Court could treat it as one for summary judgment and rule on that basis.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'"  *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'"  *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)).  Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568–69 (4th Cir. 2015).  At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  The Court is mindful that plaintiff is a *pro se* litigant.  A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts

3

which set forth a claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  A court cannot assume the existence of a genuine issue of material fact where none exists.  Fed. R. Civ. P. 56(c).

### IV.   LEGAL ANALYSIS

Defendants raise the affirmative defense that plaintiff has failed to exhaust his administrative remedies.  If plaintiff's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e.  Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, plaintiff must nonetheless exhaust his administrative remedies before this Court will near the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).  Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory.  *See Ross v. Blake*, 578 U.S. 632, 639 (2016).  Therefore, the Court ordinarily may not excuse a failure to exhaust.  *See id.* (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 635.  An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225).

Here, plaintiff has only filed a grievance regarding Officer Farren's failure to provide him with timely access to the bathroom.  In the grievance, plaintiff requests only that he be provided with a § 1983 civil rights complaint packet, which he was provided.  Although the substance of

4

plaintiff's grievance was not addressed, plaintiff did not appeal the counselor's response to the Grievance Committee.  Furthermore, nothing in the record demonstrates that he filed grievances complaining about the alleged assault or his allegations against Officer Merritt.  As plaintiff has failed to either file a grievance or finish the grievance process, the complaint must be dismissed for failure to exhaust administrative remedies.

V.     **CONCLUSION**

And so, for the foregoing reasons, it is this 7th day of September, 2022, by the United States District Court for the District of Maryland, **ORDERED** that:

1. Defendants' motion to dismiss or, in the alternative, for summary judgment, is **GRANTED**;
2. The complaint is **DISMISSED** for failure to exhaust administrative remedies;
3. The Clerk shall provide a copy of this Memorandum Opinion and Order to plaintiff and to counsel; and
4. The Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge